

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00233-CR
_____

IN RE NOEL VALDEZ ANDRADE, RELATOR

ORIGINAL PROCEEDING FOR WRIT OF HABEAS CORPUS

June 21, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

As a pro se, Noel Valdez Andrade has petitioned this Court for a writ of habeas corpus. He seeks a reduction in his bail or a personal recognizance bond through the petition. The relief is sought to facilitate his investigation for witnesses capable of establishing his innocence apparently in a pending criminal action.[1] Whether he

---

[1] We interpret his petition as referring to an unresolved criminal proceeding because of his allusion to finding witnesses to establish his innocence. If the cause were adjudicated to a final conviction, the need to find such witness would be greatly reduced, if not non-existent. Nevertheless, our appellate records indicate that an attorney has filed a notice of appeal on behalf of Andrade purporting to appeal a final conviction rendered in the very cause mentioned by appellant in the petition for writ. So, the purpose of this petition for writ of habeas corpus is somewhat unclear. If such a conviction exists and Andrade seeks our review of same, we note that he is not entitled to hybrid representation, that is, to have counsel representing him while also representing himself. *Ex parte Hallcy*, No. 07-16-00471-CR, 2016 Tex. App. LEXIS 13874, at *1-2 (Tex. App.—Amarillo Dec. 30, 2016, orig. proceeding) (per curiam).

requested similar relief from the trial court is unmentioned. We deny the petition for the following reasons.

An original proceeding for writ of habeas corpus filed with this Court must comply with Rule 52 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.1 (stating that an original proceeding seeking extraordinary relief such as a writ of habeas corpus is commenced by filing a petition with the clerk of the appropriate appellate court). The form and contents of that document are prescribed in Rule 52.3. Among other things, the relator's petition must set forth the facts pertinent to the issues or points in question, TEX. R. APP. P. 52.3(g), and contain a certification through which the party seeking relief certifies that he reviewed the petition and concluded that every factual statement therein is supported by competent evidence included in the appendix or record. TEX. R. APP. P. 52.3(j). So too must an appendix accompany the petition, which appendix must contain various items. TEX. R. APP. P. 52.3(k). Andrade's petition fails to comply with these particular requirements and others within 52.3. That he may be representing himself does not excuse his noncompliance. *See In re Murray*, No. 07-19-00011-CV, 2019 Tex. App. LEXIS 1689, at *1-2 (Tex. App.—Amarillo Mar. 5, 2019, orig. proceeding) (per curiam).

Andrade having failed to abide by applicable rules of appellate procedure, we deny his petition for writ of habeas corpus. The Clerk of this Court is directed to forward a copy of this opinion to the last known address of Andrade as well as to the counsel who filed a notice of appeal on behalf of Andrade in our appellate cause number 07-19-00232-CR.

Per Curiam

Do not publish.

2